UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA G., o/b/o E.G.,<br><br>                  Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>                  Defendant. | CASE NO. C19-5999-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff, the mother of minor child E.G., proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for a de novo hearing.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff[1] was born on XXXX, 2009.[2] She is a school-age child. (AR 20.)

Plaintiff protectively filed an SSI application on May 12, 2015, alleging disability

---

[1] Although the minor child E.G. appears through her mother Maria G., "plaintiff" will herein refer to the minor child.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning November 1, 2011.  The application was denied initially and on reconsideration.  An initial scheduled hearing was dismissed when plaintiff did not appear.  (AR 94-98.)  Plaintiff appealed and the Appeals Council ordered a new hearing, finding plaintiff had shown good cause for not appearing.  (AR 101-02.)

ALJ Rebecca L. Jones conducted a hearing on March 26, 2019, taking testimony from plaintiff and a medical expert.  (AR 41-76.)  A Portuguese interpreter was present and plaintiff was represented by a non-lawyer representative.  On April 30, 2019, the ALJ issued a decision finding plaintiff not disabled.  (AR 17-34.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on August 21, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The social security regulations set forth a three-step sequential evaluation process for determining whether a child is disabled.  20 C.F.R. § 416.924.  At step one, it must be determined whether the claimant is performing substantial gainful activity.[3]  *Id.*  The ALJ found plaintiff had not engaged in substantial gainful activity.  If the claimant is not performing substantial gainful activity, at step two, it must be determined whether the claimant has a "severe" medically determinable impairment or combination thereof.  *Id.*  The ALJ found plaintiff's type 1 diabetes severe.

If the claimant has a severe impairment or combination of impairments that meets the

---

[3] School attendance is not considered substantial gainful activity.  20 C.F.R. § 416.972.

ORDER
PAGE - 2

duration requirement, it must be determined at step three whether that impairment meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P. *Id.* If the child's impairment meets or medically equals a listed impairment, then the claimant will be found disabled. Considering listings 109.00, 109.01 and 109.08 (endocrine disorders), the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

If the impairment does not meet or medically equal a listed impairment, it must be determined whether the impairment *functionally* equals a listed impairment by assessing the child's limitations in six broad areas of functioning called "domains." The domains include: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, (6) health and physical well-being. 20 C.F.R. § 416.926a. The claimant's impairment will be considered functionally equivalent if the claimant has "marked" limitations in two domains, or "extreme" limitations in one domain. *Id.* A determination of functional equivalence is the responsibility of the state agency medical or psychological staff at the initial and reconsideration levels, of an ALJ at the hearing level, and of the Appeals Council at that level. 20 C.F.R. § 416.926a(n). In this case, the ALJ found plaintiff does not have an impairment or combination of impairments that result in "marked" limitations in two domains or "extreme" limitation in one domain.

If a claimant survives all three steps and has an impairment that meets, medically equals, or functionally equals a listed impairment for the required duration, he or she will be found disabled for purposes of SSI. Finding plaintiff did not meet these requirements, the ALJ found plaintiff not disabled since the date of application.

This Court's review of the ALJ's decision is limited to whether the decision is in

ORDER
PAGE - 3

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to satisfy the duty to fully and fairly develop the record and to assure the claimant's interests are considered, and by failing to adequately obtain medical expert testimony. She requests remand for a de novo hearing. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Expert Testimony</u>

In a claim for disability filed on behalf of an individual who has not attained the age of eighteen years, the Commissioner is required to make reasonable efforts to ensure a qualified specialist evaluates the claim. 42 U.S.C. § 1382c(a)(3)(I). Addressing the scope of the Commissioner's responsibility, the Ninth Circuit holds that evaluation by an appropriate specialist must be based on "the record in its entirety", rather than "simply constructing his own case evaluation from the evidence in the record." *Howard ex rel. Wolff v. Barnhart* 341 F.3d 1006, 1014 (9th Cir. 2003). Here, the core of plaintiff's dispute is that, by taking medical expert testimony <u>before</u> plaintiff and her mother testified about her impairment and functional limitations, the expert's opinion was not informed by that evidence and, therefore, not based on "the record in

ORDER
PAGE - 4

its entirety." Consequently, plaintiff argues, the medical expert's testimony was legally insufficient. Plaintiff asserts this error also violated the ALJ's duty to develop the record, which is heightened when a claimant is represented by a non-attorney and, as in this case, is a young child whose mother does not speak English. *See generally Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and quoted sources omitted).

While it may not always be harmful error in a childhood disability case for an ALJ to rely on the opinion of a medical expert who has not heard the testimony of the child and the child's representative, the Court, in this case, finds the failure requires reversal and remand. As the ALJ acknowledged, the medical expert was not asked to provide an opinion regarding the application of the six functional equivalence domains. (AR 22.) Rather, the ALJ separately construed hearing testimony not heard or considered by the medical expert, finding plaintiff not sufficiently limited in any of the functional domains. Without the benefit of medical expert review, the ALJ's construction of the evidence fell short. On remand, a de novo hearing should be conducted so as to include a review of the entire record by an appropriate medical specialist.

## CONCLUSION

For the reasons set forth above, this matter is REMANDED for further proceedings.

DATED this 28th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 5